Joseph P. Moodhe, Esq,
David W. Rivkin, Esq.
Nwamaka G. Ejebe, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
jpmoodhe@debevoise.com
*Co-counsel for Petitioners*

Dan J. Schulman, Esq.
Schulman Blackwell LLP
11 Broadway, Suite 615
New York, New York 10004
(646) 688-5214
dschulman@schulmanblackwell.com

2013 JUL 15  P 3:36   US DISTRICT COURT SDNY   RECEIVED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) PTE. LTD. AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>    Petitioners,<br><br>    v.<br><br>BAERFIELD DRILLING LLC,<br><br>    Respondent. | 13 Civ.4932(____)<br>ECF Case |

## PETITION TO CONFIRM A FOREIGN ARBITRATION AWARD
## AND FOR AN ENTRY OF JUDGMENT

Petitioners CIMC Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC Raffles

Offshore Limited, by and through their undersigned co-counsel Debevoise & Plimpton LLP and

Schulman & Blackwell LLP, petition for relief requested herein and say:

1

## PARTIES

1.      Petitioner CIMC Raffles Offshore (Singapore) Pte. Ltd. is a company incorporated under the laws of Singapore.  The First Petitioner is an integrated offshore builder that engineers, constructs and commissions state-of-the-art oil platforms, drill rigs and support vessels.

2.      Petitioner Yantai CIMC Raffles Offshore Limited is majority-owned and operated by the First Petitioner.  The Second Petitioner is incorporated in China and operates China's largest offshore construction yard.

3.      Respondent Soratu Drilling LLC ("BDL") is a Delaware limited liability company.  BDL is part of a group of companies called the "Schahin Group" or "Groupo Schahin" that is under the common control of two men, Messrs. Milton Taufic Schahin and Salim Milton Schahin.[1]

4.      Petitioners, collectively referred to as "CIMC Raffles," are the claimants in an on-going arbitration (the "Arbitration") in London, England in accordance with an agreement to arbitrate between Petitioners and BDL.  On May 24, 2013, the Tribunal reached a final determination on a preliminary set of issues and rendered an interim final award ("Interim Final Award").  The Tribunal corrected a misspelling of the Claimants' names in the Interim Final Award and the reasons for the award, which are considered part of the award, and reissued the

---

[1]   On December 28, 2012, Petitioners obtained an arbitration award in a separate but related dispute between Petitioners and six members of the Schahin Group: BDL, Black Gold Drilling LLC, Sea Biscuit International Inc., Baerfield Drilling LLC, Schahin Holding S.A., and Schahin Engenharia S.A.  CIMC Raffles sought confirmation and enforcement of this award in an action in this Court captioned *CIMC Raffles Pte. Ltd. et al v. Schahin Holding S.A. et al.*, No. 13- civ. 0052 (JSR).  This Court confirmed the award and entered it as two judgments on March 19, 2014 and April 24, 2013.  Judgment #13,0558; Judgment # 13,808.  Petitioners have a motion for the enforcement of these two judgments currently pending in this Court.

corrected award and reasons. A true and correct copy of the certified corrected Interim Final Award, dated June 28, 2013, and the corrected reasons for the award dated June 26, 2013 are attached to the Declaration of Joseph P. Moodhe, dated July 15, 2013 ("Moodhe Decl."), as Ex. 1.

## JURISDICTION

5.    This Petition seeks confirmation of the Interim Final Award pursuant to 9 U.S.C § 207 under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), implemented by the United States under Chapter 2 of the Federal Arbitration Act, and codified at 9 U.S.C. §§ 201-08.

6.    Under 9 U.S.C. § 203, this Court has subject matter jurisdiction over the dispute because the Interim Final Award and the agreement to arbitrate involve parties that are not U.S. citizens. Additionally, the contractual relationship between the Parties encompasses property located abroad, envisages performance abroad, and has a reasonable relation with one or more foreign states (including Brazil and Singapore). 9 U.S.C. § 202.

7.    This Court has personal jurisdiction over BDL because BDL regularly and continuously does business in the State of New York and maintains significant assets in New York City. Fed. R. Civ. P. 4(k)(1)(A); N.Y. C.P.L.R. § 301. This business includes holding multiple project finance bank accounts and using those accounts to participate in the operation of a multi-million dollar business.

## FACTUAL BACKGROUND

8.    On July 12, 2006, the First Petitioner and BDL entered into a shipbuilding contract ("SBC"). Under the SBC, the First Petitioner agreed to construct, launch, complete,

test, commission, sell and deliver to BDL, one semi-submersible drilling vessel that was subsequently named the "SS Amazonia," and BDL agreed to purchase, take delivery and pay for the vessel.[2]  A true and correct copy of the SBC is attached to the Moodhe Decl. as Ex. 2.

9.      The SBC contained, in Article XX, an arbitration agreement that required the Parties to resolve "any dispute of any nature aris[ing] in respect" of the SBC by arbitration in London, England and in accordance with the rules of the London Maritime Arbitrators Association ("LMAA") and the provisions of the Laws of England.  A true and correct copy of the LMAA's 2006 procedural rules is attached to the Moodhe Decl. as Ex. 3.  Article XX of the SBC established as its governing law the Laws of England.  Article XX of the SBC further provided that any arbitration award rendered would be "final and binding upon the Parties" and "[t]he Parties hereto hereby expressly waive any right to appeal any such arbitration award."

10.     The SBC required BDL to purchase the SS Amazonia for the amount of US$234,000,000, subject to contractual adjustments, and to make payments through a series of milestone installments.  In addition to the contract price, BDL was also obligated to pay a certain amount for any change in orders it requested to the construction of the vessel.

11.     To address various modifications to their agreement, the Parties entered into eight amendments to the SBC.  None of the amendments altered the agreement to arbitrate or the obligations for BDL to make contract and change order payments, but the amendments did alter the timing of the payments.  In the Second Amendment to the SBC, dated September 12, 2006, the Second Petitioner was added to the contract as a "Co-Builder," and assumed, jointly and

---

[2]  On July 12, 2006, the First Claimant and Baerfield Drilling LLC ("BDL"), another member of the Schahin Group, entered into a nearly identical shipbuilding contract for a separate semi-submersible drilling unit.  CIMC Raffles has brought a similar arbitration claim against BDL, and although the arbitral proceedings have not been consolidated, the Tribunal heard the matters concurrently and issued one joint "Reasons for Awards on Preliminary Issues."

severally, all of the rights guaranteed to the First Petitioner.  A true and correct copy of the Third Amendment is annexed as Ex. 4 to the Moodhe Decl.

12.     In the Seventh and Eighth Amendments to the SBC, dated September 27, 2009 and May 24, 2010, respectively, the Parties agreed that some of the milestone payments that BDL was required to make before the delivery of the SS Amazonia could be deferred and made due and payable after the delivery in installment payments.  True and correct copies of the Seventh and Eighth Amendments to the SBC are annexed as Exs. 5 and 6, respectively, to the Moodhe Decl.

13.     On December 18, 2009, Petitioners and Schahin Holding S.A.— the holding company for the Schahin Group—entered into a Deed of Guarantee and Indemnity, in which Schahin Holding guaranteed certain payments under the SBC.

14.     CIMC Raffles delivered the SS Amazonia to BDL on April 25, 2011.  At the time of delivery, CIMC Raffles provided BDL with a commercial invoice.  In accordance with a liquidated damages provision in the SBC, CIMC Raffles credited BDL US$11.7 million in the invoice.  And with that credit, the invoice reflected that BDL still had to pay US$57,755,274.28 in the outstanding contract price and change order payments.

15.     Without any reservations, BDL accepted the delivery of the SS Amazonia and signed the delivery documents and the commercial invoice, thus confirming its satisfaction with the completeness of the vessel and agreeing to pay the remaining sums due.

16.     However, BDL did not make those payments at the required times nor did it make any payments on the contract price or the change orders payments once the vessel had been delivered.

17.     Following the procedures established in Article XX of the SBC, CIMC Raffles submitted its Notice of Arbitration on December 22, 2011.  In the Notice of Arbitration, CIMC Raffles simply claimed amounts for the change order payments (US$6,782,593.39) and a contract payment installment (US$4,247,723.41), but reserved its right to bring additional claims for the remainder of the money owed.[3]  On April 27, 2012, BDL filed an answer and submitted counterclaims on three general grounds.  BDL argued that: (1) CIMC Raffles misrepresented its capacity to build the vessel; (2) CIMC breached the SBC by not meeting certain contractual obligations and delivering the vessel late; and (3) CIMC breached the SBC by delivering an incomplete vessel.

18.     After a scheduling hearing on November 14, 2012, the Tribunal (as then constituted) ordered a preliminary hearing to determine and dispense of a few key preliminary issues.  A true and correct copy of the Tribunal's Procedural Order 1, establishing the initial draft of the preliminary issues to be determined, is attached to the Moodhe Decl. as Ex. 7.

19.     The Tribunal was fully constituted by December 4, 2012 and comprised of Jeffrey Nigel Gruder QC, Duncan Henry Rowland Matthews QC, and Simon Richard Kverndal QC.

20.     Following prehearing submissions and two days of argument on the preliminary issues, the Tribunal rendered its unanimous and final determination on a set of distinct issues on May 24, 2013.[4]  The Tribunal provided the Parties with a 35-page discussion of its reasons for the Interim Final Award.

---

[3]     CIMC Raffles is entitled to bring additional claims for the remainder of the money owed if these sums are not recovered from BDL's guarantor, Schahin Holding S.A., under the Deed of Guarantee and Indemnity.

[4]     A true and correct copy of the certified original Interim Final Award and the certified original reasons for the award, containing a misspelling of the Claimants' names, are attached to the Moodhe Decl. as Ex. 8.

21. The Tribunal concluded that:

- The SBC's provisions on liquidated damages and prohibition on consequential damages excluded a number of BDL's counterclaims, including all allegations of delivery delay damages and tortious or contractual consequential loss. In principle, the Tribunal found that some of BDL's counterclaims could be alleged, but the Tribunal reserved, for a later date, its determination as to whether BDL had evidence to establish those claims.

- BDL's signature and acceptance of the delivery documents, together with the SBC's provisions on the process of registering defects to the vessel, excluded BDL's counterclaims that the SS Amazonia was delivered incomplete.

- The SBC's provisions on set-off rights excluded BDL's right to set-off claims, and BDL was obligated to make any outstanding payments to CIMC Raffles notwithstanding any counterclaims BDL may have.

22. The Tribunal found that in light of these determinations, CIMC Raffles was entitled to a US$11,030,316.80 monetary award against BDL, including simple interest at the contract rate of 1% per month (or 12% per annum) from the date of delivery to the date of payment. The Tribunal calculated that daily rate of that interest to be US$3,626.41. In two subsequent letters to the Parties, the Tribunal further clarified that CIMC Raffles was entitled to its money award without a bank guarantee to BDL. A true and correct copy of the June 26, 2013 letter from the Tribunal to the Parties is attached to the Moodhe Decl. at Ex. 9, and a true and correct copy of the June 27, 2013 letter from the Tribunal to the Parties is attached to the Moodhe Decl. at Ex. 10.

## RELIEF

WHEREFORE, Petitioners CIMC Raffles move this Court for an Order:

a.      Confirming the Interim Final Award issued by the Arbitral Tribunal;

b.      Entering judgment on the Interim Final Award in the amount of US$11,030,316.80 in favor of Petitioners and against Baerfield Drilling LLC together with 12% per annum interest from April 25, 2011 to the date of payment;

c.      Granting Petitioners post-judgment interest running from entry of judgment until payment in full;

d.      Granting Petitioners their costs of this application; and

e.      Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 15, 2013

DEBEVOISE & PLIMPTON LLP

By: _____
    Joseph P. Moodhe
    David W. Rivkin
    Nwamaka G. Ejebe
    *Co-counsel for Petitioners*
    *CIMC Raffles Offshore (Singapore) Pte. Ltd.*
    *and Yantai CIMC Raffles Offshore Limited*
    919 Third Avenue
    New York, New York 10022
    Tel:  (212) 909-6000
    Fax:  (212) 909-6836
    Email:  jpmoodhe@debevoise.com

SCHULMAN BLACKWELL LLP
Dan J. Schulman
*Co-counsel for Petitioners*
*CIMC Raffles Offshore (Singapore) Pte. Ltd.*
*and Yantai CIMC Raffles Offshore Limited*
11 Broadway, Suite 615
New York, New York 10004
Tel:  (646) 688-5214
Fax:  (646) 304-1117
Email:  dschulman@schulmanblackwell.com