IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIMC RAFFLES OFFSHORE (SINGAPORE) LIMITED AND YANTAI CIMC RAFFLES OFFSHORE LIMITED,<br><br>    Petitioners,<br><br>v.<br><br>BAERFIELD DRILLING LLC,<br><br>    Respondent. | 13 Civ. 4932 (    )<br>ECF Case |

## MEMORANDUM OF LAW IN SUPPORT OF PETITION TO CONFIRM A FOREIGN ARBITRATION AWARD AND FOR AN ENTRY OF JUDGMENT

DEBEVOISE & PLIMPTON LLP
Joseph P. Moodhe
David W. Rivkin
Nwamaka G. Ejebe
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836
Email: dwrivkin@debevoise.com

SCHULMAN BLACKWELL LLP
Dan J. Schulman
11 Broadway, Suite 615
New York, New York 10004
Tel: (646) 688-5214
Fax: (646) 304-1117
Email: dschulman@schulmanblackwell.com

*Co-counsel for Petitioners*

Dated: July 15, 2013
    New York, New York

## TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**CASES**

*Best Van Lines, Inc., v. Walker*, 490 F. 3d 239 (2d Cir. 2007) .......... 3

*CE Int'l Res. Holdings LLC v. S.A. Minerals Ltd. P'ship*, No. 12 Civ. 08087, 2012 WL 6178236 (S.D.N.Y. Dec. 10, 2012) .......... 4

*Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85 (2d Cir. 2005) .......... 4

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039 (2d Cir. 1990) .......... 2

*Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280 (2d Cir. 1986) .......... 4

*Schultz v. Safra Nat'l Bank of N.Y.*, 377 Fed. Appx. 101 (2d Cir. May 17, 2010) .......... 3

*Wiwa v. Royal Dutch Petrol. Co.*, 226 F.3d 88 (2d Cir. 2000) .......... 2

*Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15 (2d Cir. 1997) .......... 3

*Zeiler v. Deitsch*, 500 F.3d 157 (2d Cir. 2007) .......... 4

*Fertilizer Corp. of India v. IDI Mgmt., Inc.*, 517 F. Supp. 948 (S.D. Ohio 1981) .......... 4

*Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310 (2d Cir. 1998) .......... 4

**STATUTES**

9 U.S.C. § 202 .......... 2

9 U.S.C. § 203 .......... 2

9 U.S.C. § 207 .......... 1, 4

N.Y. C.P.L.R. § 301 .......... 2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 4(k)(1)(A) .......... 2

Petitioners CIMC Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC Raffles Offshore Limited (collectively, "CIMC Raffles") respectfully submit this memorandum of law in support of their Petition to Confirm a Foreign Arbitration Award and for an Entry of Judgment (the "Petition").

## PRELIMINARY STATEMENT

This is an action under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), 9 U.S.C. § 207, to confirm a foreign arbitral award and to have judgment entered thereon. A tribunal of three arbitrators issued a unanimous interim final award (the "Interim Final Award"), awarding CIMC Raffles a money judgment of US$11,030,316.80 against Baerfield Drilling LLC ("BDL").[1] Petitioners now seek to confirm the Interim Final Award in a summary proceeding guaranteed by 9 U.S.C. § 207. The grounds to avoid confirmation are narrowly circumscribed under the Convention, and because none exist here, Petitioners respectfully request prompt confirmation of the Interim Final Award and entry into judgment.

## FACTS

On July 12, 2006, BDL entered into a shipbuilding contract to purchase a semi-submersible drilling unit, subsequently called the SS Amazonia, from the First Petitioner ("SBC"). Under the SBC, the First Petitioner agreed to construct, launch, complete, test, commission, sell and deliver to BDL the SS Amazonia. The SBC contained an agreement to arbitrate disputes arising from it. Although BDL accepted the delivery of the SS Amazonia, on

---

[1] See Declaration of Joseph P. Moodhe, dated July 15, 2013 ("Moodhe Decl."), Ex. 1.

April 25, 2011, BDL breached the SBC by not paying the full contract price or the change orders due. Nevertheless, BDL, with assistance from related companies and bank lenders, chartered the SS Amazonia and funneled some of the revenue from that venture into bank accounts in New York City. On December 22, 2011, CIMC Raffles commenced arbitration to obtain the outstanding contract price and the change orders due, plus interest. After written submissions and two full days of hearings, the Tribunal issued an Interim Final Award, determining conclusively a number of preliminary issues. In the Interim Final Award, the Tribunal concluded that CIMC Raffles was entitled to a monetary award of US$11,030,316.80.

## ARGUMENT

I.  **The Court Has Jurisdiction Over the Action and BDL.**

The Interim Final Award is an international award involving foreign parties, and thus is governed by the Convention. 9 U.S.C. § 202. The Convention provides this Court subject matter jurisdiction over this dispute. 9 U.S.C. § 203.

Section 301 of the New York Civil Practice Law and Rules establishes the forum statutory requirement basis for personal jurisdiction over BDL. *See* Fed. R. Civ. P. 4(k)(1)(A). New York law provides personal jurisdiction over foreign corporations "doing business" in the state. *See* N.Y. C.P.L.R. § 301 (codifying case law on the "doing business" standard); *see also Wiwa v. Royal Dutch Petrol. Co.*, 226 F.3d 88, 95 (2d Cir. 2000). A foreign corporation is "doing business" in New York if its activity is "continuous, permanent, and substantial." *Wiwa*, 226 F.3d at 95 (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990)). Notably, the in-state presence of a defendant-owned bank account

can support a finding that a defendant is "doing business" in New York. *See Schultz v. Safra Nat'l Bank of N.Y.*, 377 Fed. Appx. 101, 103 (2d Cir. May 17, 2010).

In October 25, 2007, BDL and affiliated companies entered into a credit agreement with a consortium of banks, including those with offices in New York City. Pursuant to the credit agreement, BDL opened multiple project bank accounts in New York City.[2] BDL, along with its partners, used these accounts to take in millions of dollars of revenue from the operation of the SS Amazonia, service debts and make operational and maintenance payments. The business BDL conducts using these bank accounts is continuous, permanent and substantial. On information and belief, the SS Amazonia is the only revenue-generating asset BDL owns.

The New York bank accounts are a vitally important part of BDL's ordinary business operations. By using these New York accounts, BDL availed itself of the privilege of conducting its business in New York and has been protected by the state's laws. BDL's contacts with New York are sufficient that the exercise of this Court's jurisdiction over it is proper and fair and comports with federal due process requirements. *See Best Van Lines, Inc., v. Walker*, 490 F. 3d 239, 242 (2d Cir. 2007).

**II.    The Interim Final Award is "final" and should be confirmed.**

Under the Convention, the district court's role in reviewing an arbitral award is "strictly limited" and the court "*shall* confirm the award unless it finds" that one of the grounds for refusal provided in the Convention applies. *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R"*

---

[2] These bank accounts are discussed in an April 30, 2013 Memorandum Order in *CIMC Raffles Offshore (Singapore) Pte. Ltd., et al., v. Schahin Holding S.A., et al.*, No. 13 Civ. 0052 (S.D.N.Y.) (Rakoff, J.).

*Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997) (emphasis added) (quoting 9 U.S.C. § 207). Accordingly, the party challenging confirmation of the award has a "heavy" burden of establishing a legitimate basis for non-enforcement. *See Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir. 2007) (quoting *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005)). In the present action, BDL simply has no grounds under the Convention to challenge confirmation.

The Interim Final Award is binding with respect to the issues it determines and thus is available to be confirmed by this Court under the Convention.[3] An arbitration award is considered "final" when it "finally and conclusively dispose[s] of a separate and independent claim" and therefore "may be confirmed although [it does] not dispose of all claims that were submitted to arbitration." *Zeiler*, 500 F.3d at 169 (quoting *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986)); *see also CE Int'l Res. Holdings LLC v. S.A. Minerals Ltd. P'ship*, No. 12 Civ. 08087, 2012 WL 6178236 (S.D.N.Y. Dec. 10, 2012) (confirming interim final arbitration award). In its Interim Final Award, the Tribunal set out to determine, as a matter of contractual interpretation, which counterclaims BDL could raise, what

---

[3] Pursuant to SBC Article XX.2, the Parties agreed that there was no right of appeal the Interim Final Award. Although BDL claims it wishes to appeal portions of the Award, given Article XX.2 of the SBC, BDL's only basis for appeal in the United Kingdom is under Section 68 of the Arbitration Act of 1996, which applies to serious irregularities such as bribery. However, no such irregularities existed in the proceedings. CIMC Raffles intends to apply for a court order that either BDL pays the amounts due under the Interim Final Award or the appeal should be dismissed. Nevertheless, the Interim Final Award is final, and thus "binding on the parties" under Article V(1)(e) of the Convention, even if an appeal in the United Kingdom is pending. *See, e.g., Fertilizer Corp. of India v. IDI Mgmt., Inc.*, 517 F. Supp. 948, 957-58 (S.D. Ohio 1981). The Second Circuit has noted that "[u]nder the law of many countries, an arbitration award is final, binding, and enforceable even if subject to further appeal in court." *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 317 (2d Cir. 1998) (citing *Fertilizer Corp. of India* 517 F. Supp. at 955-58, 961-63).

CIMC Raffles was owed, and the extent to which BDL could set off its counterclaims against sums due to CIMC Raffles. The Tribunal finally and conclusively determined that BDL was not entitled to set off its counterclaims against sums due to CIMC Raffles and that CIMC Raffles was therefore entitled to a money award of US$11,030,316.80. The Tribunal was careful to note in the award itself that the Interim Final Award was "final in respect of those matters it decide[d]" but not of other matters unrelated to the issues in this Petition. While the Tribunal has yet to determine the merits, if any, of BDL's remaining counterclaims, the decisions it reached in the Interim Final Award cannot be reconsidered.

Additionally, the procedures establishing the Tribunal and the process of conducting the hearings were proper and in accordance with a valid agreement to arbitration. Both Parties submitted pre-hearing submissions and had the opportunity to be heard at multiple hearings. Based on these written and oral submissions, the Tribunal issued a unanimous Interim Final Award addressing all of the preliminary issues raised by the Parties.

## CONCLUSION

For all the foregoing reasons, Petitioners respectfully request that this Court grant an order confirming the Interim Final Award and directing that it be entered in as a judgment.

Dated: New York, New York
July 15, 2013

**DEBEVOISE & PLIMPTON LLP**

By: _____
Joseph P. Moodhe
David W. Rivkin
Nwamaka G. Ejebe
*Co-counsel for Petitioners*
*CIMC Raffles Offshore (Singapore) Pte. Ltd.*
*and Yantai CIMC Raffles Offshore Limited*
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836
Email: jpmoodhe@debevoise.com

**SCHULMAN BLACKWELL LLP**
Dan J. Schulman
*Co-counsel for Petitioners*
*CIMC Raffles Offshore (Singapore) Pte. Ltd.*
*and Yantai CIMC Raffles Offshore Limited*
11 Broadway, Suite 615
New York, New York 10004
Tel: (646) 688-5214
Fax: (646) 304-1117
Email: dschulman@schulmanblackwell.com