```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
CIMC RAFFLES OFFSHORE (SINGAPORE)     :
PTE. LTD., and YANTAI CIMC RAFFLES    :
OFFSHORE LIMITED,                     :
                                      :
                  Petitioners,        :
                                      :       13 Civ. 4932 (JSR)
                  -v-                 :       13 Civ. 4933 (JSR)
                                      :
BAERFIELD DRILLING LLC, and SORATU    :       MEMORANDUM ORDER
DRILLING LLC,                         :
                                      :
                  Respondents.        :
------------------------------------- x
```



JED S. RAKOFF, U.S.D.J.

On May 24, 2013, petitioners CIMC Raffles Offshore (Singapore) Pte. Ltd. and Yantai CIMC Raffles Offshore Ltd. (collectively, "CIMC") obtained approximately $16 million in two Interim Final Awards in United Kingdom arbitrations against respondents Baerfield Drilling LLC ("BDL") and Soratu Drilling LLC ("SDL"), two entities that are part of the Schahin family of companies. CIMC filed petitions on July 15, 2013 seeking confirmation of the awards, and, after the cases were consolidated, the two respondents cross-moved to dismiss on August 7, 2013 for lack of personal jurisdiction and lack of finality of the awards, or alternatively to stay enforcement pending a U.K. appeal from the arbitration. Following briefing, the Court heard oral argument on September 9, 2013 and received additional letter briefs on September 12, 2013.

First, the Court finds that it does have general personal jurisdiction over respondents SDL and BDL because they are "doing business" in New York. See N.Y. C.P.L.R. § 301. These two respondents are special-purpose vehicles incorporated in Delaware and each

essentially consists of six bank accounts located in New York and held by Deutsche Bank. While the presence of bank accounts in New York may or may not support a finding of personal jurisdiction under the "doing business" standard, such a finding is clearly warranted when the bank accounts substantially comprise the corporate entity's entire business, which is true of the financial intermediaries here. See United Rope Distrib., Inc. v. Kimberly Line, 770 F. Supp. 128, 132 (S.D.N.Y. 1991); Georgia-Pacific Corp. v. Multimark's Int'l Ltd., 706 N.Y.S.2d 82, 83 (N.Y. App. Div. 2000).

Second, the Court finds that the Interim Final Awards were final as to the discrete claims presented here for confirmation. The fact that other, separate claims remain unresolved in ongoing arbitration in the U.K. does not disturb this finding because the instant awards are not subject to the right of set-off. See Zeiler v. Deitsch, 500 F.3d 157, 164 (2d Cir. 2007) (an arbitral award is final when it "finally and conclusively dispose[s] of a separate and independent claim" and therefore "may be confirmed although not dispos[ing] of all claims that were submitted to arbitration").

The Court therefore denies the motion to dismiss. The Court also declines respondents' invitation to stay enforcement pending determination of an appeal in the U.K. that relates only to whether security must be posted by petitioners on unresolved counterclaims, but does not threaten the validity or finality of the instant awards.

Accordingly, the Court is satisfied that CIMC has sufficiently supported the petition, that there is no genuinely disputed issue of

material fact, and that SDL and BDL have without justification refused to abide by the awards. Therefore, the Clerk of Court is directed to:

1. Enter final judgment on the Award in the amount of US$11,030,316.80 in favor of CIMC Raffles and against BDL;
2. Enter final judgment on the Award in the amount of US$4,943,413.52 in favor of CIMC Raffles and against SDL;
3. Enter final judgment on the Award for post-award, pre-judgment interest of US$449,674.84 for the amount described in paragraph 1, in favor of CIMC Raffles and against BDL;
4. Enter final judgment on the Award for post-award, pre-judgment interest of US$201,532.24 for the amount described in paragraph 2, in favor of CIMC Raffles and against SDL;
5. Grant CIMC Raffles the cost of this application in the amount of US$350.00 and against BDL and SDL, jointly and severally; and
6. Grant CIMC Raffles post-judgment interest on all amounts owed from this entry of judgment until payment in full, pursuant to 28 U.S.C. § 1961.

SO ORDERED.

Dated: New York, New York
       September 25, 2013

_____
JED S. RAKOFF, U.S.D.J.